Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, Arizona  85006
Telephone:    (602) 254-8800
Facsimile:     (602) 265-8808
lori@berkelawfirm.com
jody@berkelawfirm.com

Attorneys for Defendants City of Phoenix and
   Michael Penn

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| N.H., a minor, by his next best friend and Guardian Ad Litem, Jose Angel,<br><br>              Plaintiff,<br><br>vs.<br><br>The City of Phoenix, et al.,<br><br>             Defendants. | Case No. 2:11-cv-01359-SRB<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S UNTIMELY DISCLOSED EXPERT WITNESSES** |

Defendants City of Phoenix and Officer Michael Penn ("Defendants"), through undersigned counsel, file their Reply in support of their Motion to Strike Plaintiff's Untimely Disclosed Expert Witnesses.

**I.  PLAINTIFF HAS FAILED TO MEET HIS BURDEN OF DEMONSTRATING THAT HIS UNTIMELY DISCLOSURE OF WITNESSES WAS SUBSTANTIALLY JUSTIFIED AND HARMLESS.**

As is set forth in Defendants' Motion to Strike, the exclusion of evidence pursuant to Fed. R. Civ. P. 37(c)(1) when a party has failed to comply with disclosure deadlines is a mandatory "automatic" sanction and not up to the discretion of the trial court.  Yeti by

1

Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).  The burden is on the party seeking to introduce the evidence to show that the failure to timely disclose was either substantially justified or harmless.  Id. at 1107.  Plaintiff has failed to meet his burden and demonstrate to the Court in his Response that his untimely and incomplete disclosure of expert witnesses was either substantially justified or harmless.

> **A.    Plaintiff's Untimely Disclosure Was Not Substantially Justified.**

Plaintiff states in his Response that it was an "apparent oversight" not to have disclosed the witnesses disclosed for the first time in his Supplemental Disclosure Statement Re: Expert Witnesses in his Initial Disclosure Statement.  (Doc. 65, p. 2).  However, this explanation does not constitute "substantial justification" for the disclosure of these witnesses after all deadlines for disclosure had passed.  Indeed, a mistake by a party's counsel is not substantial justification for failing to timely disclose witnesses.  See R & R Sails Inc. v. Ins. Co. of State of PA, 251 F.R.D. 520, 526 (S.D. Cal. 2008) (holding that Defendant's counsel's inadvertent mistake and oversight in failing to timely disclose documents was not substantially justified and the sanction of excluding the untimely disclosed documents was warranted).

Additionally, even if the failure to timely disclose the witnesses was an "apparent oversight" as Plaintiff suggests, Plaintiff never asked for an extension of time to disclose the witnesses, but instead, simply served an untimely disclosure statement.  Failure by a party to seek an extension of time to disclose experts is additional evidence that the untimely disclosure of witnesses is not substantially justified. See Quevedo v. Trans-Pacific Shipping, Inc., 143 F.3d 1255, 1258 (9th Cir. 1998) (holding that a party's disregard for the

court's deadlines and failure to seek an extension warranted exclusion of the party's expert witness' report).  Plaintiff's Response does not address the issue of his failure to seek an extension of the Court's disclosure deadlines.  Therefore, Plaintiff has failed to meet his burden of showing the Court that his untimely disclosure was substantially justified.  Thus, his untimely disclosed witnesses should be excluded.

    **B.**   **<u>Plaintiff's Untimely and Incomplete Disclosure is Not Harmless.</u>**

    In his Response, Plaintiff argues that his untimely disclosure was harmless to Defendants because (1) they should have known he would call his medical providers as witnesses since Defendants obtained Plaintiff's medical records during discovery and (2) it is "unlikely" that Defendants would have retained an expert to address the reasonableness of Plaintiff's medical care.  Both of these arguments lack merit.

    First, it is irrelevant that Defendants obtained Plaintiff's medical records and that they knew the identity of his treating physicians and medical providers.  It is also irrelevant whether Plaintiff only plans to call them as "fact witnesses."  (Doc. 65, pp. 2-3).  Plaintiff's untimely disclosure of any medical providers to Defendants as either fact witnesses or expert witnesses was not harmless to Defendants.  In his Response, Plaintiff glosses over the fact that he did not even timely disclose his treating physicians and other medical providers as fact witnesses, let alone as experts.  His disclosure was untimely as to both the deadline for disclosure of fact witnesses (June 30, 2012) and the disclosure of expert witnesses (March 30, 2012).  Plaintiff's failure to disclose  these witnesses until after all of the witness disclosure deadlines had passed harmed Defendants because they were unable to conduct discovery related to these witnesses and have an expert evaluate these witnesses'

testimony and opinions and arrive at his or her own opinions, and then disclose this expert as a witness for trial.

In addition, Plaintiff's argument that he plans to call his treating physicians only as fact witnesses is refuted by the title of his "Supplemental Disclosure Statement Re: Expert Witnesses" and the language therein in which the witnesses are referred to as "experts" and it is stated that they will provide testimony "to a reasonable degree of medical probability." (See Exhibit A to Defendant's Motion to Strike (Doc. 64)). Nevertheless, regardless of Plaintiff's classification of his medical providers as fact or expert witnesses, even when a plaintiff is seeking to call a physician to testify solely regarding his or her treatment of the plaintiff and not to render an opinion regarding anything else, formal disclosure of the treating physician as an expert witness is still required. See Henricksen v. ConocoPhillips Co., 605 F. Supp. 2d 1142, 1159–1160 (E.D. Wash. 2009); McIntosh v. Geithner, 2011 WL 2160919, *18 (E.D. Cal. 2011). In Henricksen, the Court explained the following regarding the importance of disclosure of treating physicians as expert witnesses:

> Courts generally allow expert testimony by treating physicians without need for a report, provided that the opinions do not extend beyond treatment. Nevertheless, even if a party elects to call a physician to testify solely to the treatment, the party must still, consistent with the court's scheduling order, disclose that person as someone he or she intends to call as an expert.

605 F. Supp. 2d 1142, 1160 (E.D. Wash. 2009) (internal citations omitted). Again, because Plaintiff did not disclose his treating physicians on or before his expert disclosure deadline, Defendants were harmed because they did not have the opportunity to have an expert of their choice evaluate these witnesses' testimony and opinions and arrive at his or her own opinions, and then disclose this expert as a witness for trial. Therefore, Plaintiff's

4

argument that his untimely disclosure of his medical providers as witnesses was harmless because Defendants had his medical records and knew the witnesses' identity lacks merit and should be rejected.

Second, Plaintiff is incorrect that Defendants would not have retained a medical expert to evaluate the emergency medical treatment and care rendered to Plaintiff and provided by the medical providers at St. Joseph's Hospital (Doc. 65, p. 3). In fact, had Plaintiff timely disclosed his treating physicians as opinion witnesses by March 30, 2012 as was required by the Court's Scheduling Order, Defendants would have deposed the treating physicians and provided the depositions of the treating physicians to an expert of their choice so that he or she could evaluate the care and treatment provided to Plaintiff, as well as the expert opinions provided by Plaintiff's treating physicians, and render his or her own opinions as to the reasonableness and necessity of Plaintiff's medical care, as well as possibly refuted or contradicted those physicians' opinions.

Plaintiff's proposal to allow Defendants an unspecified extension to disclose a rebuttal expert at this late date is also not harmless to Defendants. Plaintiff is essentially proposing that the Court re-start discovery related to his injuries. In order for such an extension to be fair to Defendants, the Court would need to give Defendants ample opportunity to depose Plaintiff's treating physicians and conduct any other related discovery before disclosing their own expert. It is not harmless to the other party when one party untimely discloses witnesses and then expects the Court to adjust the entire case schedule accordingly. See Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005) (stating that "[c]ourts set such schedules to permit the court and the parties

to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to"). In this case, Plaintiff has failed to meet his burden of showing the Court that his untimely disclosure of witnesses was harmless to Defendants or that there is a good reason to abandon the schedule originally set by the Court. Therefore, Plaintiff's untimely disclosure was not harmless to Defendants and the witnesses should be excluded.

## II. EXCLUSION OF THE UNTIMELY DISCLOSED WITNESSES IS THE PROPER SANCTION.

As set forth above, Plaintiff concedes that his Supplemental Disclosure Statement re: Expert Witnesses was untimely as to all deadlines, but he argues that exclusion of these witnesses is not the proper sanction. He argues that, instead, Defendants should be given an extension of time to disclose rebuttal experts. In support of his argument he cites Baltodano v. Wal-Mart Stores, Inc., 2011 WL 3859724 (D. Nev. 2011), and argues that "exclusion would serve no purpose." (Doc. 65, p. 3). However, under the same five factors cited by Plaintiff in his Response, the court in Baltodano actually held that exclusion of the untimely disclosed information was the proper sanction instead of an extension of the opposing party's deadlines for disclosure and discovery. Id. at *5. The court in that case stated as follows:

> Furthermore, though an extension would lower the risk of prejudice against Wal–Mart, it has already been harmed by the delay and would be harmed by an extension in that it would need to conduct added litigation made necessary by the mistakes, oversights and willful conduct of opposing counsel. A sanction of exclusion will not be a case dispositive sanction as Baltodano will still be able to pursue the damages she did disclose in her initial disclosures, allowing the case to be decided upon the merits. Finally, less drastic sanctions would not alleviate the harm and prejudice caused to Wal–Mart as a result of Harris' inability to comply with his discovery obligations.

6

Id. The same is true in this case. The "less drastic sanction" of extending the deadline for Defendants to disclose rebuttal experts is not even really a sanction and would not alleviate the harm and prejudice caused to Defendants by Plaintiff's untimely disclosure. Indeed, Defendants would be further harmed and prejudiced by an extension because discovery would have to be reopened and basically start over as to Plaintiff's injuries. Defendants would need time to conduct depositions, retain an expert, provide the expert with the depositions, and obtain a report from the expert. This would cause Defendants to spend additional money and time defending this case when they believed discovery had closed and that a trial would commence in February 2013. Again, as set forth above, Plaintiff's untimely disclosure of witnesses was not harmless to Defendants. Likewise, his proposed solution of an extension would actually cause more harm to Defendants and should not be considered as the appropriate "sanction" for Plaintiff's failure to comply with Court deadlines.

Additionally, granting an extension rather than actually sanctioning Plaintiff for his failure to comply with Court deadlines would be unfair to Defendants who have had to endure Plaintiff's repeated failure to comply with deadlines, court procedure, and discovery rules since the beginning of this litigation. There are numerous instances in this case of Plaintiff's failure to comply with deadlines, procedures and rules, including the following: Plaintiff failed to timely file a more definite statement of his claims, which caused the Court to dismiss his case. (Doc. 7). The Court allowed the case to be reopened only after Plaintiff filed a Motion to Reopen the case arguing that his counsel had inadvertently missed the deadline to file a more definite statement of his claims. (Docs. 10, 11).

7

Additionally, Plaintiff filed several motions with the Court that were denied on the basis that Plaintiff failed to comply with the requirements of the ECF Administrative Policies and Procedures. (Docs. 32, 33, 35, 36, 37, 38, 52, 53, 55, 58, and 59).  Finally, Plaintiff N.H. failed to appear for his deposition on April 30, 2012, which the parties had specifically scheduled for a day when N.H. did not have school.  (See Deposition Transcript of Non-Appearance of N.H., dated April 30, 2012, attached hereto as Exhibit A).  The only reason Plaintiff's counsel gave for N.H.'s non-appearance at his deposition was that he was "refusing to get up and get out of bed."  (Exhibit A, p. 4).  When Plaintiff N.H. appeared at his rescheduled deposition about ten days later, he testified as follows:

> Q. Why didn't you show up for your deposition a week or two ago when we had noticed it?
> A. I don't know.  I didn't want to.
> Q. Why?
> A. I didn't want to sit in here.  I didn't want to come talk to you.

(Deposition Transcript of N.H., dated May 10, 2012, p. 53, attached hereto as Exhibit B). Therefore, Defendants have been prejudiced throughout this case by Plaintiff's repeated failure to comply with the Court's deadlines and procedure and that is an additional reason that the sanction of exclusion is appropriate in this instance.

## III. CONCLUSION.

For the reasons set forth above and in Defendants' Motion to Strike (Doc. 64), the Court should strike all of the witnesses disclosed by Plaintiff in his Supplemental Disclosure Statement re: Expert Witnesses and preclude them from testifying at trial.

. . .

. . .

8

DATED this 17th day of August, 2012.

                            BERKE LAW FIRM, PLLC


                            By   s/ Jody C. Corbett
                                Lori V. Berke
                                Jody C. Corbett
                                 Attorneys for Defendants City of
                                   Phoenix and Michael Penn

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

                            Christopher S. Short, Esq.
                            CHARLES LAW GROUP
                            5704 W. Palmaire Avenue
                            Post Office Box 1737
                            Glendale, AZ  85311-1737
                            *Attorneys for Plaintiff*

s/ Jody C. Corbett